## SUCCESSION OF LAWSON

———

(February 25, 1929. Opinion and Decree.)

———

James Barkley Rosser, Jr., and Arthur McQuirk, of New Orleans, attorneys for Henry T. Thibodeaux, appellee.

Clarence F. Favret, of New Orleans, attorney for Albert Lawson Thomas, intervener, appellant.

Charles J. Mundy, of New Orleans, attorney for Celeste Adams and Zenobia Booth Simmons, opponents, appellants.

Bert Flanders, Jr., of New Orleans, attorney for McNeal Franklin, Louisa Mc-Neal Chaffe and Jas. McNeal.

Arthur J. Ryan, of New Orleans, attorney for Mrs. David Thomas.

JANVIER, J. Nathan Lawson died intestate at his domicile in New Orleans on February 10, 1926. His half brother, Henry T. Thibodeaux, with whom he lived, applied for and obtained letters of administration and thereafter duly administered the affairs of the estate.

On the filing of the final account, Celeste Adams, Lawson's widow, and Zenobia Booth Simmons, his grandchild, appeared for the first time and, through the medium of an opposition to the account, attempted to set aside the appointment of the administrator as having been unnecessary and they furthermore, opposed every item on the account.

It seems that decedent had formerly been a resident of Terrebonne Parish, where he had married Celeste Adams. He deserted her and moved to New Orleans, where he married Loretta McPherson, though he had never secured a divorce from his first wife. Albert Lawson Thomas is a child of this second union.

After his second marriage he accumulated a small estate worth about one thousand dollars. So far as the attack on the appointment of the administrator is concerned, we are of the opinion that this comes too late. The administrator is the half brother of the decedent, his application for letters was duly advertised, and we are of the opinion that it is now too late, particularly by way of opposition to a final account, to oppose the appointment of the administrator.

So far as the account itself is concerned, the principal attack of the opponents is directed at two items, one for $500.00 in favor of Thibodeaux, who claims compensation for services rendered to decedent prior to his death, and one for $450.00, claimed by the attorneys as fees.

The trial court recast the account, striking out the claim of Thibodeaux and reducing the allowance to the attorneys to $250.00. The administrator has not appealed, consequently the judgment eliminating his claim for $500.00 for prior services is final.

We are of the opinion that the fee of the attorneys as fixed by the lower court is slightly above what is justified by the

record. It is quite true that the work required to perfect the title and the labor involved in the administration of this succession were such as would justify a considerably higher charge, were the assets of the estate sufficient to warrant such a charge. Unfortunately, attorneys are often called upon to perform services onerous and burdensome in matters of little importance, or involving property of little value. In these situations it is manifestly impossible for the attorneys to be recompensed as fully as in larger cases. In view of the very small amount involved here, we feel that an allowance of $200.00 to the attorneys is all that is justified.

This brings us to the necessity of determining how the net proceeds of the estate should be distributed.

We find as claimants four persons:

(1) A legal wife;
(2) A legal granddaughter;
(3) A putative wife;
(4) A daughter of the putative wife.

We further find that the estate was accumulated during the existence of the second or putative community.

Under our Code, such a marriage as the second was produces its civil effects as it relates to the parties and their children, if it was contracted in good faith. R. C. C. Art. 117.

Article 118, R. C. C., provides:

"If only one of the parties acted in good faith, the marriage produces its civil effects only in his, or her favor and in favor of the children born from the marriage."

The Supreme Court has decided in several cases, particularly Jermann vs. Tenneas, 39 La. Ann. 1021, 3 So. 229, and Patton vs. Cities of Philadelphia and New Orleans, 1 La. Ann. 98, that property accumulated during the second community should be divided equally between the legal widow and the putative widow. Reasoning by analogy, it seems to us that where there are children of either or of both widows the property should be divided into two equal parts, one to be distributed according to the laws of inheritance among the members of the first family, and the other among the members of the second family. We feel, therefore, that under these authorities the net estate should be divided into two equal parts and that each of these parts should likewise be divided into two equal parts, making four equal shares. The first or legal widow is entitled to one of these parts in her own right. The grandchild by the first or legal widow is entitled to one of these parts subject to the usufruct in favor of the first or legal widow. The second or putative widow is entitled to one of these parts in her own right, and her daughter is entitled to one of these parts subject to the usufruct in favor of her mother, the putative widow. See Harrington vs. Barfield, 30 La. Ann. 1297.

It is therefore ordered, adjudged and decreed that the judgment appealed from so far as it recasts the final account filed by the administrator and homologates the account as recast, be and it is amended so as to reduce the fees of the attorneys to $200.00, and it is further ordered, adjudged and decreed that Celeste Adams be and she is recognized as the widow in community of Nathan Lawson, and, as such, sent and put in possession of an undivided one-fourth of the estate of decedent and of the usufruct of an undivided one-fourth; and

It is further ordered, adjudged and decreed that Zenobia Booth Simmons be sent and put into possession of an undivided one-fourth of the estate of dece-

dent, subject to the usufruct in favor of Celeste Adams; and

It is further ordered, adjudged and decreed that Loretta McPherson Lawson be and she is recognized as the putative widow of decedent and, as such, sent and put in possession of an undivided one-fourth of the estate of decedent and · of the usufruct of an undivided one-fourth of the estate; and

It is further ordered, adjudged and decreed that Alberta Lawson Thomas be sent and put into possession of an undivided one-fourth of the estate of decedent, subject to the usufruct of Loretta McPherson Lawson; and

It is further ordered, adjudged and decreed that each claimant and intervener pay her own costs.

In all other respects the judgment appealed from is affirmed.